UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

ROBERT DEANGELO DEXTER,

        Plaintiff,

v.

KATHLEEN OLSON et al.,

        Defendants.
_____/

Case No. 2:17-cv-00101

Honorable Gordon J. Quist

**OPINION**

      This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Olson. The Court will serve the complaint against Defendants Yon and Vilgos.

**Discussion**

    **I.**    **Factual allegations**

      Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Cooper Street Correctional Facility (JCS) in Jackson, Jackson County, Michigan.

The events about which he complains, however, occurred at the Ojibway Correctional Facility (OCF) in Marenisco, Gogebic County, Michigan. Plaintiff sues Warden Kathleen Olson, Deputy Warden Michael Yon, and Chaplain James Vilgos.

Plaintiff alleges that on July 1, 2016, Defendant Vilgos informed Plaintiff that he would not be able to attend "Eid-Al-Fitra,"[1] despite the fact that Plaintiff had already submitted a written request. Plaintiff claims that he is a member of the Nation of Islam and that the Eid al-Fitr is a necessary part of the observance of Ramadan.

On July 2, 2016, Defendant Vilgos met with prisoners who were members of the Al-Islam religion during a study session. Plaintiff attaches affidavits of prisoners who were present during the session. These prisoners attest that when they attempted to submit a list of those wanting to attend the Eid al-Fitr prior to the date of the study session, they were told to wait until further instruction before submitting the Eid list. These prisoners attest that during the July 2, 2016, study session, Defendant Vilgos told them that he had not yet received any requests to attend the Eid al-Fitr. The prisoners in attendance at the session reminded Defendant Vilgos that he had previously told them to wait on submitting the list until they were instructed to do so. One of the prisoners then suggested that Defendant Vilgos include everyone on the callout list for the Al Jumu'ah. Defendant Vilgos stated that he would check with Defendant Yon to see if he could compile the list in that way. Defendant Vilgos commented that it was going to be a close call because the Eid was scheduled for Tuesday, July 5, 2016. On Monday, participants at the study session were notified that they would be attending the Eid, as was the entire Al-Islam community. *See* ECF No. 1-1, PageID.11-16. Plaintiff and other members of the Nation of Islam were not allowed to attend.

---

[1] Eid al-Fitr.

2

Plaintiff contends that this conduct violated his First Amendment right to the free exercise of his religious beliefs. Plaintiff seeks compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed

by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Warden Kathleen Olson. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Warden Kathleen Olson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against her.

After a careful review of the complaint, the Court concludes that Plaintiff's claims against Defendants Vilgos and Yon are not clearly frivolous and are not properly dismissed on initial review.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Olson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will serve the complaint against Yon and Vilgos.

An Order consistent with this Opinion will be entered.


Dated: December 12, 2017                                         /s/ Gordon J. Quist
                                                              GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE