UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DEXTER #329380,

    Plaintiff,

v.                                                   Case No. 2:17-CV-101

KATHLEEN OLSON, et al.,                  HON. GORDON J. QUIST

    Defendants.
_____/

**OPINION AND ORDER REJECTING THE REPORT AND RECOMMENDATION**

      Plaintiff, Robert Deangelo Dexter, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against three Defendants, Kathleen Olson, Michael Yon, and James Vilgos.  The Court dismissed the complaint against Defendant Olson in a screening opinion but ordered service of the complaint against Defendants Yon and Vilgos.  (ECF No. 6.)  Defendant Yon then moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies by not naming Defendant Yon in any grievance filed in connection with the events giving rise to this case.  (ECF No. 13.)  Plaintiff filed a response.  (ECF No. 23.)  Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that this Court deny Defendant Yon's motion for summary judgment.  (ECF No. 72.)

      Defendant Yon filed objections to the R & R.  (ECF No. 30.)  Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected and Defendant Yon's motion for summary judgment should be granted.

All inmate suits about prison life are subject to the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 532, 122 S. Ct. 983, 992 (2002). To properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218, 127 S. Ct. 910, 922–23 (2007). However, "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits," a prisoner's failure to comply with the procedural requirements does not bar that prisoner's later federal claim. *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).

The magistrate judge concluded that because the MDOC did not reject Plaintiff's grievance for failing to name Defendant Yon, Defendant Yon was not entitled to summary judgment for failure to exhaust. (ECF No. 29 at PageID.175-76.) However, in contrast to *Reed-Bey*, in which the plaintiff did not name any single defendant, Plaintiff here named Defendant Vilgos as the individual that violated his constitutional rights but omitted any mention of Defendant Yon. *See id*. at 324. Thus, the MDOC's response to Plaintiff's grievance addressed the merits of Plaintiff's claim only against Defendant Vilgos. (ECF No. 1-1 at PageID.9-10.) "The MDOC had no reason to address a claim against any other employee." *Kean v. Hughes*, No. 1:12-CV-847, 2013 WL 5771146, at *2 (W.D. Mich. Oct. 24, 2013).

2

The magistrate judge indicated that an alternative basis for his conclusion that Defendant Yon was not entitled to summary judgment was that Defendant Yon had actual notice of Plaintiff's grievance because he signed the Step I response as the reviewer. (ECF No. 29 at PageID.176.) However, even if Defendant Yon had actual notice of the grievance, there is no evidence that Defendant Yon had actual notice that he was the subject of the grievance. Plaintiff alleges in his complaint that Defendant Vilgos told Plaintiff that Defendant Vilgos would get clarification about Plaintiff's request to attend Eid-Al-Fitra from Defendant Yon. (ECF No. 1 at PageID.6.) However, there is no indication in the grievance or in Defendant Yon's response to the grievance that Defendant Yon was ever consulted. (ECF No. 1-1 at PageID.9.) Thus, because Plaintiff specifically named Defendant Vilgos but never once mentioned Defendant Yon in his grievances, Plaintiff failed to exhaust his administrative remedies with respect to Defendant Yon.[1] *See id.*

For the foregoing reasons, the Court **rejects** the R & R (ECF No. 29) and **grants** Defendant Yon's motion for summary judgment (ECF No. 12). Plaintiff's claims against Defendant Yon are **dismissed without prejudice**.

**IT IS SO ORDERED.**

Dated: December 12, 2018     /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

---

[1] It is important to note that Plaintiff did not exhaust his administrative remedies with respect to Defendant Yon by not naming Defendant Yon at *any* step of the grievance process. Through counsel, Defendant Yon provided a quote in his objection to the R & R from *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003), to stand for the proposition that a prisoner does not properly exhaust his claim against a prison official "if the first allegation of mistreatment or misconduct on the part of that official is made at Step II or Step III of the grievance process." However, reliance on *Burton v. Jones* is mistaken. *Burton v. Jones* was abrogated by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007), and since then, the Sixth Circuit decided *Mattox v. Edelman*, 851 F.3d 583, 596–97 (6th Cir. 2017), in which the Sixth Circuit found that a defendant was not entitled to summary judgment on the basis of an alleged failure to exhaust when the plaintiff did not name the defendant in the Step I grievance but named the defendant beginning with Step II.