UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DEANGELO DEXTER #329380,

    Plaintiff,

v.

KATHLEEN OLSON,

    Defendants.

_____/

Case No. 2:17-cv-101

Hon. Gordon J. Quist
U.S. District Judge

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Robert Deangelo Dexter pursuant to 42 U.S.C. § 1983. Plaintiff is a member of the Nation of Islam. Plaintiff alleges that while he was confined at the Ojibway Correctional Facility (OCF), Defendant Chaplain James Vilgos violated his First Amendment and Fourteenth Amendment rights to attend the "Eid al-Fitr"[1] after Plaintiff had submitted a written request in a kite.[2] Plaintiff believes that he must attend a group "Eid al-Fitra" service during Ramadan. Plaintiff filed a motion for summary

---

[1] Eid al-Fitr is a religious holiday celebrated by Muslims to mark the end of Ramadan, which is period of fasting.

[2] Defendants Kathleen Olson and Michael Yon were dismissed from this action. Defendant Vilgos is the only defendant remaining in the case.

judgment. (ECF No. 33.) I respectfully recommend that the Court deny Plaintiff's motion for summary judgment.

## Facts

On July 2, 2016, Defendant met with prisoners who were members of the Al-Islam faith group study session. Members of the Al-Islam faith group had been told not to submit requests to attend the Eid al-Fitr. When Defendant Vilgos pointed out that no one had requested to attend the Eid al-Fitr, attendees at the study session reminded him that they were told not to submit their names until further instruction had been given. One prisoner suggested that Defendant Vilgos should include everyone on the call-out list for the Al Jumu'ah. Defendant Vilgos responded that he would check to see if he could complete the list in that manner. Defendant Vilgos indicated that it would be a close call because the Eid al-Fitr was scheduled for July 5, 2016. Subsequently, all the participants in the study session and the entire Al-Islam community were notified that they would attend the Eid at-Fitr.

Plaintiff and other Nation of Islam members were not allowed to attend the Eid al-Fitr. Plaintiff alleges that despite his timely request to attend the Eid al-Fitr, Defendant denied his request in violation of his First Amendment and Fourteenth Amendment rights.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d

426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Analysis

Plaintiff alleges that he is entitled to summary judgment on his First Amendment and Fourteenth Amendment claims.

### **First Amendment-free exercise**

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates clearly retain the First Amendment protection to freely exercise their religion. *O'Lone v. Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). To establish a violation, Plaintiff must show that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) Defendant's behavior infringes upon this practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987); *see also, Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001) (same); *Bakr v.*

*Johnson*, No. 95-2348, 1997 WL 428903, at *2 (6th Cir. July 30, 1997) (noting that "sincerely held religious beliefs require accommodation by prison officials").

Prison officials may impinge on a prisoner's constitutional right to exercise First Amendment religious beliefs if their actions are "reasonably related to legitimate penological interests." *Flagner*, 241 F.3d at 483 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987). To determine whether a prison official's actions are reasonably related to a legitimate penological interest, the Court must assess the official's actions by reference to the following factors:

  1.  does there exist a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;

  2.  are there alternative means of exercising the right that remain open to prison inmates;

  3.  the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and

  4.  whether there are ready alternatives available that fully accommodate the prisoner's rights at de minimis cost to valid penological interests.

*Flagner*, 241 F.3d at 484 (quoting *Turner*, 482 U.S. at 89-91).

Failure to satisfy the first factor renders the regulation or action infirm, without regard to the remaining three factors. *Flagner*, 241 F.3d at 484 (quoting

4

*Turner*, 482 U.S. at 89-90) ("a regulation cannot be sustained where the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational").

If the first factor is satisfied, the remaining three factors are considered and balanced together; however, they are "not necessarily weighed evenly," but instead represent "guidelines" by which the court can assess whether the policy or action at issue is reasonably related to a legitimate penological interest. *Flagner*, 241 F.3d at 484 (citations omitted). It should further be noted that the *Turner* standard is "not a 'least restrictive alternative' test" requiring prison officials "to set up and then shoot down every conceivable alternative method of accommodating the claimant's constitutional complaint" *Id.* Instead, the issue is simply whether the policy or action at issue is reasonably related to a legitimate penological interest. *Id.* "However, 'if an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard.'" *Id.* at 484 (quoting *Turner*, 482 U.S. at 91.)

Defendant submitted an affidavit explaining why he denied Plaintiff's attendance at the Eid al-Fitr service. (ECF No. 38.) Defendant attests that inmates from Islamic religious groups could attend a group service if the group requested a "callout."[3]

---

[3] The term "callout" refers to a time and place that a prisoner must go to participate in a job, educational program, religious service or other activity. The MDOC uses callouts to track where prisoners must be.

Members of the Al Islam religious group made a request to observe the Eid al-Fitr in July of 2016. No other religious organization at the prison made a request to observe the Eid al-Fitr. Pursuant to MDOC Policy Directive 05.03.150, only members of the Al Islam could attend an Eid al-Fitr service that was reserved for that group. According to Defendant Vilgos, Al Islam and Nation of Islam are two distinct religious groups.

Defendant noted that Nation of Islam did not, as a group, choose to observe the Eid al-Fitr in July 2016 and did not request a callout for that purpose. Defendant states that he did not deny a Nation of Islam group call-out for an Eid al-Fitr service because no such request was made.

Defendant acknowledges that he denied Plaintiff's individual request to participate in the Al Islam group callout for the Eid al-Fitr service. But Defendant explained that a member of Nation of Islam would not be allowed to participate in a callout approved for Al Islam.

Defendant further explains that if the Nation of Islam had elected to participate in a group callout for the July 2016 Eid al-Fitr, Plaintiff would have been allowed to attend this group callout. Defendant noted that such a callout could have been arranged at a different time from the Al Islam callout. In addition, Defendant noted he has witnessed several violent encounters between members of the Nation of Islam and Al Islam and that a callout approved for both groups at the same time would have posed a security risk.

**Fourteenth Amendment-equal protection**

The Equal Protection Clause of the Fourteenth Amendment commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Under the Equal Protection Clause, the government is prohibited from engaging in discrimination that: (1) burdens a fundamental right; (2) targets a suspect class; or (3) "intentionally treats one differently than others similarly situated without any rational basis for the difference." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 788 (6th Cir. 2005). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). When neither a fundamental right nor a suspect class is at issue, the rational basis review standard applies. *Midkiff v. Adams Cty.*, 409 F.3d 758, 770 (6th Cir. 2005).

Plaintiff argues that his equal protection rights were violated because the Al Islam religious group was allowed to celebrate the Eid al-Fitr while the Nation of Islam religious group was not allowed to attend. Defendant denies this allegation and explains that Nation of Islam members could have requested to participate in their own Eid al-Fitr service, but they would never have been allowed to attend the Al Islam Eid al-Fitr service due to the security of concerns of having separate religious groups attending the same event. The Nation of Islam group did not

7

request their own Eid-Al-Ftir service. Further, Defendant Vilgos indicated that while he was employed at OCF, the Nation of Islam preferred to celebrate the Saviour's Day in February and had never requested an Eid al-Fitr service.

## Recommendation

Defendant Vilgos's statements in his affidavit establish that Defendant had legitimate reasons for denying Plaintiff's request to participate in the Al Islam Eid al-Fitr callout, and that Plaintiff, individually, and the Nation of Islam, as a group, had other opportunities to observe that holiday. Plaintiff and Nation of Islam chose to forego their other opportunities. Thus, in conclusion, the undersigned respectfully recommends that this Court find that Defendant Vilgos's statements in his affidavit establish that a genuine issue of material fact exists as to Plaintiff's First Amendment free exercise and Fourteenth Amendment equal protection claims. Accordingly, I respectfully recommend that this Court deny Plaintiff's motion for summary judgment. (ECF No. 32.)

Dated:   June 5, 2019                    /s/ *Maarten Vermaat*
                                         MAARTEN VERMAAT
                                         U.S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).