UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT DEANGELO DEXTER #329380,      Case No. 2:17-cv-00101

    Plaintiff,     Hon.   Gordon J. Quist
    U.S. District Judge

v.

KATHLEEN OLSON, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.  Introduction**

This is a civil rights action brought by former state prisoner Robert Deangelo Dexter pursuant to 42 U.S.C. § 1983.  The remaining claim is against Defendant Chaplain Vilgos for denying Dexter attendance at the Eid-al-Fitr during Ramadan 2016, while he was incarcerated at the Objibway Correctional Facility.  Dexter has now been paroled from prison.  Dexter initially notified the Court of his new address, but mail that has been sent to that address by the Court has been returned as not deliverable/unable to forward.  (ECF No. 55, PageID.308.)

Defendant Vilgos filed a motion to dismiss under Federal Rules of Civil Procedure 37(d) due to Dexter's failure to attend and participate in his deposition. (ECF No. 53.)  Dexter has failed to respond to Defendant's motion, has appeared to abandon the prosecution of this case, and has failed to update his address with the Court.  For these reasons, it is recommended that the Court grant Defendant's motion to dismiss.

- 1 -

**II. Facts**

Defense Counsel noticed Dexter's deposition for November 21, 2019, at 10:00 A.M. (ECF no. 53-2, PageID.285.) Dexter did not appear for his deposition. (ECF No. 53-2, PageID.283-284.) Dexter left voicemail messages for defense counsel on the day of his deposition, at the same time that the deposition was to have taken place. Dexter attempted to appear at his deposition by telephone by calling defense counsel's office. At that time, defense counsel was at the place where the deposition was scheduled to be taken. Later that day, defense counsel telephoned Dexter and worked out a new date for Dexter's deposition. Dexter's deposition was rescheduled for November 26, 2019, with Dexter's consent. The deposition was noticed for that date and the notice was emailed and mailed to Dexter. (ECF No. 53-3, PageID.296, 298, 302, 303.)

On November 26, 2019, Dexter once again failed to appear at his deposition. Defense Counsel stated on the record:

> MR. KOGER: Good morning. This is Garett Koger, assistant attorney general for the state of Michigan on behalf of Mr. Vilgos in the Dexter v Vilgos case. We are here and it is now the second time we've attempted to take Mr. Dexter's, the plaintiff in this case's deposition.
>
> The first was set for November 21st. I waited one hour after the set time which was 10:00 a.m. I did not -- Mr. Dexter did not appear. I returned to my office and had two voice mails from Mr. Dexter where he attempted to appear for his in-person deposition by phone. I returned his call. He and I worked out another opportunity for him to arrive in person for his deposition which is today, 9:00 a.m. It is now 9:30. He again did not appear.
>
> I have as an exhibit, it's marked Exhibit 1, an e-mail sent from me to Mr. Dexter which includes the second notice of his in-person deposition. It also gives a synopsis of what I just described for the record.

(ECF No. 53-3, PageID.293.)

### III. Analysis

Sanctions may be imposed against a party served with notice who fails to appear for a scheduled deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). The sanctions imposed may include a finding against the party, striking pleadings, staying the matter until an order is obeyed, dismissing the action, or rendering default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). In addition, the Court may impose costs on the offending party. Fed. R. Civ. P. 37(d)(3).

Further, under Fed. R. Civ. P. 41(b) the Court may dismiss an action when the plaintiff fails to prosecute or to comply with these rules. A dismissal under Rule 41(b) operates as an adjudication on the merits. *Id.*

Dexter was served notice to attend his deposition on November 21, 2019. He failed to attend his deposition. Defense counsel, after speaking with Dexter by telephone, rescheduled the deposition. Dexter received notice to attend his deposition on November 26, 2019. Dexter again failed to attend his deposition. Dexter failed to attend two scheduled and properly noticed depositions.

In addition, Dexter has failed to update his address with the Court and has abandoned the prosecution of this case. For these reasons, the undersigned recommends dismissal of this case under Fed. R. Civ. P. 37(d) due to Dexter's failure to attend his deposition and under Fed. R. Civ. P. 41(b) due to Dexter's failure to prosecute this case.

It is further recommended that the Court impose the deposition costs of $315.85 against Dexter. (ECF No. 53-4, PageID.305-306.)

### IV. Recommendation

It is respectfully recommended that the Court grant Defendant's motion to dismiss (ECF No. 52) under Fed. R. Civ. P. 37(d) and 41(b) and impose costs against Plaintiff Dexter in the amount of $315.85.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C);

Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    May 11, 2020                                        /s/ *Maarten Vermaat*
                                                                                        MAARTEN VERMAAT
                                                                                        U.S. MAGISTRATE JUDGE